IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:08-CR-16-2-F
No. 2:11-CV-57-F

| | | |
|---|---|---|
| CHESTER EUGENE DOWNING Petitioner, | ) ) ) | |
| v. | ) ) | O R D E R |
| UNITED STATES OF AMERICA, Respondent. | ) ) ) | |

This matter is before the court for ruling on the Government's Motion to Dismiss [DE-203] Chester Downing's ("Downing") "Motion to Vacate, Set Aside or Correct his Sentence" pursuant to 28 U.S.C. § 2255 [DE-199], Downing's Motion for Evidentiary Hearing [DE-201], and Downing Motion to Amend [DE-202]. Downing has filed a Response [DE-208] in opposition to the Government's motion to dismiss, and the matter is ripe for disposition.

Downing was charged in Count Three of a three-count Indictment [DE-1] on May 28, 2008, with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) and § 924. His co-defendant, Chadrick Clark, was charged in Counts One and Two of the same Indictment with possession of a firearm by a felon, pursuant to § 922(g), and possession of stolen firearms in violation of § 922(j), respectively. The charges arose from events that occurred on New Year's Day 2008, after Clark, who previously had been convicted of a felony, stole several firearms and a truck from his father and admittedly sold or traded the guns for crack cocaine. Clark identified the individuals to whom he had transferred the stolen guns and showed sheriff's deputies where they lived.

Later in the day, law enforcement personnel recovered two of the stolen firearms from Downing's house. Downing was not arrested on January 1, 2008. The other stolen firearms were recovered from other persons.

Law enforcement authorities determined that Downing previously had been convicted of a felony in state court. Among Downing's other convictions was a felony conviction for assault with a dangerous weapon with intent to kill, including serious injury, to which offense Downing pled guilty on March 31, 1998. *See State v. Downing*, 97CRS2302 (Washington County, North Carolina, Superior Court) (hereinafter, the "predicate felony"). He was sentenced to 104 to 134 months imprisonment, and later was discharged from parole on April 21, 2007. As a convicted felon, Downing was ineligible to possess a firearm.

On May 28, 2008, a federal grand jury returned the Indictment [DE-1] against Clark and Downing for the firearms offenses that had occurred on New Year's Day. Law enforcement authorities obtained and executed a search warrant on Downing's residence on June 18, 2008. In an unprotected statement to the officers, Downing explained how he had come into possession of a loaded .38 that was recovered from his home during the June 2008, search, as well as the two firearms recovered on January 1, 2008. According to the Government, Downing told police that he had traded Clark about $100 worth of crack in exchange for a shotgun and a .22 rifle. Downing continued to cooperate with the officers and provided additional unprotected statements concerning the firearm transactions on New Year's Day.

Both Downing and Clark were arrested and charged in the above-described, three-count Indictment. Clark elected to plead guilty pursuant to a Plea Agreement with the Government to Count One (felon in possession of firearms) in exchange for the Government's dismissal against him of Count Two (possession of stolen firearms). Clark ultimately received a 32-month sentence.

Following his arrest, however, Downing proclaimed his innocence, insisting that the Indictment did not charge a federal offense because it failed either to describe the alleged firearms with specificity or to allege that the firearms had traveled in interstate commerce. Although counsel initially was appointed to represent Downing on June 19, 2008 (he went

2

through four lawyers by the time he was sentenced, and a fifth one was appointed for his appeal), Downing relentlessly filed *pro se* motions, beginning on September 10, 2008, seeking the dismissal of his "defective Indictment" and release from custody. The record reflects the persistence and consistency of Downing's *pro se* motions; as soon as relief was denied on his claim that his Indictment was defective, Downing filed another, essentially identical motion. Specific reference hereby is made to the record in this case, as summarized on the docket sheet contained in the court's CM/ECF system.

Downing exercise his right to trial, and the jury convicted him of possession of firearms by a felon, in violation of 18 U.S.C. § 922(g). Downing appealed his conviction and the resulting 78-month sentence of imprisonment, and continued to correspond with the district court. On May 24, 2011, the Fourth Circuit Court of Appeals entered an opinion, *United States v. Downing*, 432 Fed. App'x 220 (4th Cir. 2011), consolidating three separate appeals, and ruling, as did this court on innumerable occasions, that Downing's Indictment sufficiently alleged a § 922(g) offense by charging:

> On or about January 1, 2008, in the Eastern District of North Carolina, CHESTER EUGENE DOWNING, defendant herein, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, firearms, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

Indictment [DE-1], p. 2. The court instructed Downing's jury at the conclusion of his trial, *inter alia*:

> In order to sustain its [burden] of proof for the offense charged in Count Three of the Indictment, the Government must prove each of the following three elements beyond a reasonable doubt:
>
> First: That at the time of the offense charged, the defendant, Chester Downing, had been convicted of a felony – that is, a crime punishable by a term in excess of one year; and
>
> Second: That the defendant knowingly possessed a firearm as charged in Count Three of the Indictment; and

3

Third: That the firearm had traveled in interstate commerce at some point.

The court then defined each of the elements and summed up that, "[i]f you find that the Government has proved each of these three elements beyond a reasonable doubt, then it would be your duty to find the defendant 'guilty .' If, on the other hand, you do not so find, or if you have a reasonable doubt as [to] any element, then it would be your duty to find the defendant 'not guilty.' "

Downing's § 2255 motion contains exactly the same argument he raised over and over, in this court and in the appellate court. He simply is mistaken that the Indictment was defective. *See Downing*, 432 Fed. App'x at 221 ("we have conducted a de novo review of the record on appeal and conclude that the indictment was sufficient"). Because it was not defective, his lawyer(s) cannot not be found to have rendered ineffective assistance by failing to pursue frivolous motions to that effect. *See Strickland v. Washington*, 466 U.S. 668, 694 (petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Had any or all of Downing's lawyers moved to dismiss the Indictment on grounds that it failed to allege a federal crime pursuant to § 922(g), such a motion would have been denied, as were Downing's repetitive *pro se* motions seeking that relief.

Furthermore, as the Government notes, absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal. *See, e.g., United States v. Linder*, 561 F.3d 339, 343 (4th Cir.) (citing *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976)), *cert. denied*, 130 S. Ct. 736 (2009). There has been no change in the law applicable to this case since the Fourth Circuit rendered its opinion in May 2011.[1]

---

[1] The ruling in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) has no impact on Downing's conviction or sentence in this case, because he actually received an active state sentence on his predicate felony conviction well in excess of one year. *See* Presentence Report ¶ 19.

4

For the foregoing reasons, therefore, it is ORDERED that:

- although Downing's Motion to Amend § 2255 motion [DE-202] is ALLOWED, it entitles him to no relief;

- the Government's Motion to Dismiss [DE-203] is ALLOWED;

- and Downing's § 2255 motion [DE-199] is DISMISSED; and

- Downing's Motion for Evidentiary Hearing [DE-201] is DENIED.

The court perceives no basis for the issuance of a certificate of appealability, and such certificate therefore is DENIED.

SO ORDERED.

This, the 9th day of December, 2011.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge