THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:08-CR-16-2-F
No. 2:11-CV-57-F

| | | |
|---|---|---|
| CHESTER EUGENE DOWNING | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court for ruling on petitioner Chester Eugene Downing's ["Downing"] Motion for Reconsideration [DE-211]. Specifically, Downing asks the court to reconsider its refusal to issue a Certificate of Appealability with regard to the dismissal [DE-209] of his § 2255 motion to vacate, set aside or correct his conviction and sentence. The underlying premise for the instant motion – as well as for his scores of pre-conviction and post-conviction *pro se* motions – is Downing's unwavering commitment that his Indictment [DE-1] was defective, and therefore, his conviction and sentence are illegal, because the Indictment did not allege the make, model and serial number of the firearm(s) he allegedly possessed on or about January 1, 2008.

Downing's co-defendant, Clark, pled guilty to Count One of the Indictment; pursuant to Clark's plea agreement, the Government dismissed Count Two. Downing exercised his right to trial on the single charge against him contained in Count Three that alleged:

> On or about January 1, 2008, in the Eastern District of North Carolina, CHESTER EUGENE DOWNING, defendant herein, having been previously convicted of a crime punishable my imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, firearms, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

Indictment [DE-1]. After trial, the jury found him guilty and the court imposed a 78-month sentence. *See* [DE-159].[1] The conviction and sentence were affirmed on appeal, and the Supreme Court denied Downing's petition for writ of certiorari.[2] *See United States v. Downing*, 432 Fed. App'x 220 (4th Cir. 2011)), *cert. denied*, 132 S. Ct. 170 (Oct. 3, 2011). *See also* Order [DE-209] (containing detailed description of factual and legal premises of the prosecution and defense of this action).

Throughout the three years this case has been ongoing, this court has ruled and Downing repeatedly has been advised, that his Indictment's failure to specify the make, model and serial number of the firearm(s) he allegedly possessed on January 1, 2008, was irrelevant to his prosecution and conviction, because those facts **are not elements of the federal crime described in 18 U.S.C. § 922(g)**. *See, e.g., United States v. Hylton*, No. 7:08CR00050, 7:11CV80347, 2011 WL 5592847 (W.D. Va. Nov. 16, 2011) ("Contrary to Hylton's assertions, the particular type of firearm is not a required element, and the omission of this information from Count One did not render the indictment defective") (citing unpublished appellate opinion in *this* case, *Downing*, 432 Fed. App'x 220 (4th Cir. May 24, 2011)).

Downing now asks the court to reconsider its order denying a Certificate of Appealability, *see* Order [DE-209], p. 5, because he now contends his *appellate* counsel was ineffective for failing to develop an alternative double jeopardy argument on appeal. The double jeopardy argument, of course, also ultimately is grounded on Downing's allegations that his

---

[1] DE-159 is an Amended Judgment that corrected a typographical error (Downing's U.S. Marshal Service number) in the original Judgment [DE-155].

[2] The Fourth Circuit observed in a footnote in its unpublished opinion that Downing's appeal alleged his indictment was insufficient to fairly inform him of the charges against him. *See Downing*, 432 Fed. App'x at 221 n*. The appellate panel declined to address Downing's undeveloped claim that the indictment was insufficient to protect against double jeopardy, and deemed appellate review of that issue to have been waived. *See id.*

Indictment did not charge a federal offense because it did not describe the subject firearm(s) with specificity, and that his trial lawyer was ineffective for failing to move to dismiss the Indictment for lack of such specificity. *See* Order [DE-209].

Even had Downing's appellate counsel developed the double jeopardy theory on appeal, Downing would not have been entitled to relief. While it may well be the general practice of the United States Attorney to include a description of the firearm in a § 922(g)(1) indictment, **the law does not require that an indictment contain a detailed description of a firearm allegedly possessed on or about a certain date by a person who previously had been convicted of a crime punishable by a term in excess of one year's imprisonment.** That legal conclusion is evident from the Fourth Circuit's discussion and ruling in this very case that "the indictment was sufficient." *See Downing*, 432 Fed. App'x at 222 (" '[A]n indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense.' *United States v. Kingrea*, 573 F.3d 186, 191 (4th Cir. 2009))." Downing's Indictment was couched in the words of the statute itself. Neither trial counsel nor appellate counsel could have been ineffective for failing to raise a patently meritless argument.

Section 922(g) prohibits a convicted felon from knowingly possessing *any* firearm. Although Downing never has suggested how he was prejudiced by the manner in which he was indicted, if he ever again is indicted for illegally possessing firearm(s) on or about January 1, 2008, he already has developed a massive record of his objection to the generality of the 2008 Indictment to which he may refer when launching a double jeopardy defense.[3]

---

[3] Because the 2008 Indictment did not specifically identify the subject firearm(s), the Government likely would be unable to prove beyond a reasonable doubt *in any subsequent, future prosecution* that Downing also possessed some different or additional firearm(s) on that particular date. Downing therefore *is* protected from double jeopardy from any future federal

3

Downing's Motion for Reconsideration [DE-211] of the denial of a Certificate of Appealability [DE-209] is DENIED. This is a final order.

SO ORDERED.

This, the 28th day of December, 2011.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

charge that he, a convicted felon, illegally possessed firearm(s) on January 1, 2008, in violation of 18 U.S.C. § 922(g)(1).